IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON WIBERG,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S TO AMEND JUDGMENT<br><br><br><br>Case No. 1:04-CR-83 TS |

Defendant Jason Wiberg was sentenced by this Court on December 13, 2010, to a term of 6 months custody with the Bureau of Prisons ("BOP") based on a finding that Defendant violated the terms of his supervised release. Defendant has now filed the instant Motion seeking the Court's consideration of Defendant for eligibility of good time credit and residence in a halfway house.

18 U.S.C. § 3624(b) provides for good conduct time in certain situations. It is the responsibility of the BOP to determine and award good conduct time.[1] Thus, Defendant's request for good conduct time should be directed to the BOP in the first instance. If Defendant is

---

[1] 18 U.S.C. § 3624(b)(1); 28 C.F.R. § 523.20.

dissatisfied with the BOP's calculation of good conduct time, he may file a petition under 28 U.S.C. § 2241 in the district in which he is incarcerated, after he has exhausted his administrative remedies.

Defendant also requests consideration for residence in a halfway house. Again, this is a determination made by the BOP. 18 U.S.C. § 3621(b) provides, in relevant part: "The Bureau of Prisons shall designate the place of the prisoner's imprisonment." The Tenth Circuit has explained that § 3621(b) gives the Bureau of Prisons the primary authority to determine the facility where a prisoner should be placed.[2] Further, the Supreme Court has held that federal prisoners generally enjoy no constitutional right to placement in any particular penal institution.[3] Based on this, the Court must deny Defendant's request for placement at a particular facility.

It is therefore

ORDERED that Defendant's Motion to Amend Judgment (Docket No. 56) is DENIED.

DATED February 17, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992).

[3] *See id.* (collecting cases).